USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JAN 1 7 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNITED STATES OF AMERICA

    -v-

MOSTAFA KAMEL MOSTAFA,

                Defendant.
------------------------------------------------------------X

04 Cr. 356 (KBF)

MEMORANDUM
DECISION & ORDER

KATHERINE B. FORREST, District Judge:

The Court has received an <u>ex parte</u> motion from the Government seeking a protective order, pursuant to Section 4 of the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. 3 § 4, and Fed. R. Crim. P. 16(d)(1), regarding disclosure of certain classified information. The Court has also received a motion from defendant requesting that the Court deny the Government's request to file its § 4 application <u>ex parte</u> and compel disclosure thereof to cleared defense counsel. (ECF No. 201.) For the reasons set forth below, the Government's motion is GRANTED, pending resolution of certain issues as discussed below, and defendant's motion is DENIED.

I. The Government's Motion

The Government seeks authorization to withhold from discovery materials describing certain communications or statements apparently made by defendant. The Government seeks a determination that the materials in question are not discoverable pursuant to <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), or Fed. R. Crim. P.

16, and that they are not "relevant and helpful" under United States v. Aref, 533 F.3d 72, 78 (2d Cir. 2008).

Pursuant to § 4 of CIPA, the Court, "upon sufficient showing, may authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure." 18 U.S.C. App. 3 § 4. The Federal Rules of Criminal Procedure likewise permit the Court to, "for good cause, deny . . . discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1).

CIPA "was designed to establish procedures to harmonize a defendant's right to obtain and present exculpatory material upon his trial and the government's right to protect classified material in the national interest." United States v. Pappas, 94 F.3d 795, 799 (2d Cir. 1996). However, CIPA was not "intended to expand the traditional rules of criminal discovery under which the government is not required to provide criminal defendants with information that is neither exculpatory nor, in some way, helpful to the defense." United States v. Varca, 896 F.2d 900, 905 (5th Cir. 1990). Rather, CIPA applies the general law of discovery in criminal cases to classified information and further restricts discovery of that information to protect the Government's national security interests. See United States v. Klimavicius-Viloria, 144 F.3d 1249, 1260–61 (9th Cir. 1998); see also United States v. Johnson, 139 F.3d 1359, 1365 (11th Cir. 1998) ("CIPA has no substantive impact on the admissibility or relevance of probative evidence."); United States v. Baptista-Rodriguez, 17 F.3d 1354, 1364 (11th Cir. 1994) (explaining that

CIPA "simply ensures that questions of admissibility will be resolved under controlled circumstances calculated to protect against premature and unnecessary disclosure of classified information").

Aref outlines the standard governing this Court. The Second Circuit there adopted and applied the standard set forth in Roviaro v. United States, 353 U.S. 53, 60–61 (1957), to determine when the disclosure of classified information is appropriate. See Aref, 533 F.3d at 79. Roviaro asks first whether the classified information is discoverable and then whether the government has properly invoked the state-secrets privilege with respect to that information. See id. For the state-secrets privilege to apply, there must be "a reasonable danger that compulsion of the evidence will expose . . . matters, which, in the interest of national security, should not be divulged." Reynolds v. United States, 345 U.S. 1, 10 (1953).

If the information is both discoverable and privileged, then the Court must decide whether it is also "helpful or material to the defense, i.e., useful 'to counter the government's case or to bolster a defense.'" Aref, 533 F.3d at 80 (quoting United States v. Stevens, 985 F.2d 1175, 1180 (2d Cir. 1993)). "To be helpful or material to the defense, evidence need not rise to the level that would trigger the Government's obligation under Brady to disclose exculpatory information." Aref, 533 F.3d at 80. The Court of Appeals for the D.C. Circuit explained the standard as follows:

> We hold, in short, that classified information is not discoverable on a mere showing of theoretical relevance in the face of the government's classified information privilege, but that the threshold for discovery in this context further requires that a defendant seeking classified information . . . is entitled only to information that is at least "helpful to the defense of [the] accused," Roviaro, 353 U.S. at 60–61.

3

United States v. Yunis, 867 F.2d 617, 623 (D.C. Cir. 1989); see also United States v. Passaro, 577 F.3d 207, 220 (4th Cir. 2009) (explaining that CIPA "permits the district court to exclude irrelevant, cumulative, or corroborative classified evidence"); United States v Smith, 780 F.2d 1102, 1110 (4th Cir. 1985) ("A district court may order disclosure only when the information is at least essential to the defense, necessary to [the] defense, and neither merely cumulative nor corroborative, nor speculative.") (citations and internal quotation marks omitted).

Only when information is relevant or helpful to the defense must the Court then take the third step of balancing the "public interest in protecting the flow of information against the individual's right to prepare his defense." Roviaro, 353 U.S. at 62. In Yunis, the D.C. Circuit noted that much of the Government's national security interest "lies not so much in the contents of the conversations, as in the time, place, and nature of the government's ability to intercept the conversations at all." Yunis, 867 F.2d at 623.

The Court has carefully reviewed the materials in question. On consent of the Government and defendant, it has held ex parte conferences with the Government and with counsel for defendant to become better informed of the proof the Government plans to present at trial and the defenses that defendant plans to raise for purposes of deciding the motion. See Aref, 533 F.3d at 81 (explaining that ex parte hearings with the Government are permissible under 18 U.S.C. App. 3 § 4 and Fed. R. Crim. P. 16(d)(1)). This Court concludes that, subject to the proviso below, defense counsel have substantially the same ability to make its defense as if

they had the specific classified materials. Accordingly, based on those conferences and its review of these materials, the Court grants the Government's motion.

The materials do not appear to present any disclosure obligations under Brady. Brady requires the prosecution to disclose exculpatory information to a criminal defendant. See Brady, 373 U.S. at 87. Based on the Court's review, the materials do not fall within the scope of Brady obligations. But see In re United States (Coppa), 267 F.3d 132, 140 (2d Cir. 2001) (explaining that "the scope of the government's constitutional duty is ultimately defined retrospectively").

The Court has separately instructed the Government ex parte to respond to particular issues regarding the classified materials. Provided that the Government responds appropriately, the Court finds that granting the Government's motion will not impinge upon defendant's right to a fair trial.

## II. Defendant's Motion

The Court has also considered defendant's motion requesting that this Court deny the Government's request to file its CIPA application ex parte and compel disclosure thereof to defense counsel. (Mem. of L. in Supp. of Def.'s Resp. to Gov't's Submission ("Def.'s Mot.") 10, ECF No. 206.) In the alternative, defendant requests an adversarial hearing addressing the Government's legal arguments in support of non-production. (Id.) Defendant's argument is unconvincing.

Defendant does not dispute that § 4 of CIPA and Fed. R. Crim. P. 16(d)(1) both authorize ex parte proceedings. Therefore, defendant's contention that ex parte submissions are improper "absent exceptional circumstances" (Def.'s Mot. 5)

5

"amounts to a challenge to the [Court's] exercise of discretion to proceed ex parte." United States v. Abu-Jihaad, 630 F.3d 102, 143 (2d Cir. 2010). However, as the Second Circuit has stated, "[w]here the government moves to withhold classified information from the defense, 'an adversary hearing with defense knowledge would defeat the very purpose of the discovery rules.'" Id. (quoting Aref, 533 F.3d at 81). For that reason, courts routinely uphold the practice of proceeding ex parte when the substance of classified information that the Government seeks to be withheld from discovery is explicitly discussed in the relevant motion. See, e.g., id.; United States v. Zazi, No. 10 Cr. 60 (JG), 2011 WL 2532903, at *3 ("With respect to the government's request to delete irrelevant classified materials from discovery, an adversary proceeding would be particularly anomalous, as it would provide defense counsel access to sensitive information to which, if the government is correct, they are not entitled under any theory.").

Defendant argues that allowing the Government to proceed ex parte here would "impair the integrity of the adversary process and the criminal justice system." (Defs.' Mot. 5–6.) Specifically, defendant claims that the Court cannot at this stage "properly function as Mr. Mostafa's surrogate advocate" or "possess sufficient appreciation for defense theories," because it lacks "sufficient knowledge and understanding of critical facts, factual issues, or contentions, or knowledge of impeachment issues, the nature of government and defense exhibits, and perhaps even the defendant's testimony." (Def.'s Mot. 8.) However, the Court has held ex parte conferences with both parties, during which it discussed at length the theories

6

for both the Government and defendant's cases. The Court's conference with defendant's counsel has addressed their specific concerns: the Court permitted defendant's attorneys to advocate in connection with the Court's evaluation of the Government's CIPA motion, thus ensuring that the Court has all relevant facts and arguments at its disposal, preventing the Court from relying on conjecture, and minimizing the possibility of an erroneous decision. (See Def.'s Mot. 7–9.) Based on the Court's ex parte conferences, the Court has reviewed the material, and that review has informed the instant order.

Nor is it of any moment that defense counsel have obtained security clearances. (See Def.'s Mot. 7 & n.2.) The Government's motion contains information that it deems highly sensitive and of great importance to the national security of the United States. Defense counsel's security clearance does not obviate the need for the Court to consider the Government's CIPA motion ex parte and in camera. See Zazi, 2011 WL 2532903, at *3 (explaining that security "clearances do not mandate an adversary hearing or access to immaterial classified information for which counsel has no legitimate need"); United States v. Libby, 429 F. Supp. 2d 18, 24 n.8 (D.D.C. 2006), amended by 429 F. Supp. 2d 46 (D.D.C. 2006) ("It is axiomatic that even if the defendant and his attorneys had been granted the highest level of security clearances, that fact alone would not entitle them to access to every piece of classified information this country possesses.").

For these reasons, the Government's motion is GRANTED, with the proviso ordered, and defendant's motion is DENIED. The Government's motion for a

7

protective order and all papers submitted in connection with that motion shall be filed under seal with the Court.

SO ORDERED.

Dated:  New York, New York
        January 17, 2014

                                                                                           *K. B. Forrest*

                                                                   KATHERINE B. FORREST
                                                                   United States District Judge