UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED STATES OF AMERICA         :

    - against -                             :        04 Cr. 356 (KBF)

MOSTAFA KAMEL MOSTAFA,           :

             Defendant.           :
------------------------------------------------------x

## DEFENDANT'S PRELIMINARY MOTIONS *IN LIMINE*

 

JEREMY SCHNEIDER, ESQ.
LUCAS ANDERSON, ESQ.
Rothman, Schneider,
      Soloway & Stern, LLP
100 Lafayette Street, Ste. 501
New York, New York 10013
(212) 571-5500

JOSHUA L. DRATEL, ESQ.
LINDSAY A. LEWIS, ESQ.
Law Offices of Joshua L. Dratel, PC
29 Broadway, Suite 1412
New York, New York 10006
(212) 732-0707

New York, New York
January 29, 2014

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED STATES OF AMERICA            :

        - against -                 :          04 Cr. 356 (KBF)

MOSTAFA KAMEL MOSTAFA,              :

             Defendant.             :
------------------------------------------------------x
```

## DEFENDANT'S PRELIMINARY MOTIONS *IN LIMINE*

### I. This Court Should Preclude the Government From Making Reference at Trial to Osama Bin Laden and/or to the Events of September 11, 2001.

The charges in this case relate broadly to alleged illegal conduct and material support for terrorism, but the charged acts are not alleged to have been connected in any way to the attacks of September 11, 2001, to Osama Bin Laden, or to any of the other individuals involved in the planning and execution of those attacks. The spectre of September 11th, and of this country's reactions to those attacks, has been and undoubtedly will be in the minds of every juror in every terrorism trial held in this country for the foreseeable future. However, to allow the government to make specific reference at trial to the events of September 11th, or to Bin Laden or his associates, would completely deprive Mr. Mostafa of a fair trial as to the actual charges and the specific acts that are alleged against him in the instant indictment. See United States v. Stone, 852 F. Supp. 2d 820, 830-31 (E.D. Mich. 2012); Zubulake v. UBS Warburg LLC, 382 F. Supp. 2d 536, 548 (S.D.N.Y. 2005) (noting danger of unfair prejudice stemming from emotions associated with September 11th attacks).

1

Rule 403 of the Federal Rules of Evidence simply does not countenance introduction of material that will generate such a high degree of undue prejudice. See Advisory Committee Notes, 1972 ("'[u]nfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one"). This is especially true when, as here, such material lacks any relevance whatsoever to the charges at hand.

Therefore, the government should be precluded from introducing evidence about, eliciting witness testimony regarding, or even making reference to the attacks of September 11, 2001, Osama Bin Laden, or other individuals connected to those attacks.

## II. This Court Should Preclude Introduction of Highly Prejudicial Video, Audio, or Photographic Evidence Depicting Acts of Violence That Are Irrelevant to the Charged Crimes and/or Unduly Prejudicial While Lacking Sufficient Probative Value.

Pursuant to Rules 401 and 403 of the Federal Rules of Evidence, Mr. Mostafa moves for preclusion of all irrelevant and/or unduly prejudicial material the government may seek to introduce at trial. Specifically, the government should be precluded from introducing any videos, audio files, or photographs depicting acts of violence that are not attributable in any way to the defendant, to his alleged co-conspirators, and/or to anything connected to the specific acts charged in the instant indictment.

In addition, even to the extent that particular violent acts may be relevant to the specific charges in the indictment, any videos, audio files, photographs, or other materials depicting such acts of violence, or which are directly related to them, should be precluded under Rule 403 because their unfair prejudicial impact substantially outweighs any probative value they may possess, and/or they would constitute a waste of time and be cumulative.

2

If the government should seek to introduce depictions of violence at trial, Mr. Mostafa requests that this Court view the evidence *in camera*, require the government to explain the purported relevance and probative value of the proffered evidence to the specific charges alleged in this case, and permit defense counsel to move for preclusion or limitation of such evidence.

### III. The Government Should Provide Defense Counsel With All Jencks Act Material 60 Days Before Trial.

The Jencks Act, 18 U.S.C. § 3500 *et seq.*, requires that, on motion of the defendant, the government must disclose all prior statements of a government witness which relate to the witness's in-court testimony. The Second Circuit has held that the government's Jencks Act obligations include the obligation to preserve witness statements that will likely be subject to disclosure at trial. See United States v. Sanchez, 635 F.2d 47, 65 (2d Cir. 1980); United States v. Bufalino, 576 F.2d 446, 449 (2d Cir. 1978).

Prior witness statements that must be preserved and disclosed include written statements that are signed or otherwise adopted by the witness, any "substantially verbatim" recording or transcription of oral statements, and any statement "however taken or recorded" made by the witness to the grand jury. § 3500(e); Rule 26.2(f), Fed. R. Crim. P.

Thus, *any* statements made by a government witness must be preserved by the government, regardless whether they are subject to mandatory pre-trial disclosure under Brady v Maryland, 373 U.S. 83 (1963), and must be disclosed to defense counsel once the witness has testified on direct examination at trial.

Defense counsel is aware that the statute requires the government to provide § 3500 material only prior to the cross-examination of a witness, and defense counsel is also aware of

3

the usual practice of the U.S. Attorney's Office for the Southern District of New York, which is to produce § 3500 material the Friday before trial begins.

However, due to the nature of the charges in this case, the massive amount of discovery at issue, and the anticipated volume of § 3500 material which is likely to be produced, that timing would be woefully inadequate to permit adequate preparation. In addition, many of the witnesses live either in remote areas of the U.S., or overseas, which further impairs the ability of the defense to react effectively in a weekend's time to information contained within the § 3500 material.

As a result, in order to afford the defense sufficient time to prepare cross-examination, and prevent any potential delays at trial, it is requested that the government be compelled to provide § 3500 material 60 days before trial.

### IV. Preservation of Rights

Defense counsel have endeavored to submit all motions applicable to the instant case at this time. However, in addition to the various anticipated motions described below—which will be made once sufficient information about the government's proposed evidence has been provided to defense counsel—it is respectfully requested that leave be granted to bring additional motions that may become necessary and appropriate upon further investigation and as additional information becomes available.

As the Court is aware, the government has provided massive amounts of discovery in this case. This discovery includes countless hours of video recordings, audio cassettes, news articles, and other statements attributed to the defendant and to others who were allegedly affiliated with the defendant or with the North Central London Mosque (also known as the Finsbury Park

4

Mosque) in London. In order to formulate relevant motions, we have previously requested[1] that the government provide defense counsel with: (1) a list of speeches, writings, or other statements made by the defendant which the government intends to introduce at trial; (2) expert notice, pursuant to Rule 16(a)(1)(G), Fed. R. Crim. P.; and (3) notice, pursuant to Rule 404(b), Fed. R. Evid., of any evidence regarding uncharged crimes, wrongs, or acts allegedly committed by Mr. Mostafa.

### A. Mr. Mostafa Reserves the Right to Move for the Preclusion or Limiting of Proposed Expert Testimony.

The government has thus far declined to provide the requested information described above, with one exception: on January 10, 2014, the government provided defense counsel notice of its intent to call Evan Kohlmann as an expert witness at trial. In that notice (by letter), the government represents that it expects Mr. Kohlmann to testify—broadly—about Al Qaeda, the Taliban, certain members of those groups, and the history of those groups' activities in Afghanistan. The government has further indicated that it intends to produce an expert report for Mr. Kohlmann at some point prior to trial.

Once sufficient information has been received from the government regarding (1) the purported basis for Mr. Kohlmann's qualifications as an expert witness, and (2) the proposed scope of Mr. Kohlmann's trial testimony, Mr. Mostafa intends to submit a responsive motion, pursuant to Rules 701 through 705, Fed. R. Evid., and Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993).

---

[1] On April 25, 2013, defense counsel submitted a letter to the government requesting "a list of the speeches, writings, website entries, and audio or video clips attributable to Mr. Mostafa which it intends to introduce at trial." On January 6, 2014, counsel again submitted a letter to the government requesting a list of speeches and articles the government intends to introduce at trial along with expert notice and Rule 404(b) notice.

5

B. <u>Mr. Mostafa Reserves the Right to Move to Preclude Speeches, Writings, or Other Statements or Communications that the Government Intends to Introduce at Trial.</u>

Because the government has thus far declined to specify which of the numerous speeches, interviews, sermons, writings, news articles, and other communications attributable to Mr. Mostafa and/or his alleged co-conspirators that it intends to introduce as evidence at trial, Mr. Mostafa hereby reserves his right to move this Court for an order precluding and/or limiting such evidence.

C. <u>Mr. Mostafa Reserves the Right to Move, Pursuant to Rule 404(b), as Well as Rule 401 and 403, Fed. R. Evid., for an Order Precluding Evidence of Uncharged Crimes, Wrongs, or Acts that the Government May Seek to Admit at Trial</u>

As noted above, Mr. Mostafa has requested that the government provide notice of any uncharged acts that it may seek to admit pursuant to Rule 404(b), Fed. R. Evid. The government has not yet provided defense counsel with the information sought. Therefore, Mr. Mostafa reserves his right to move for the preclusion and/or limitation of such evidence at trial once sufficient notice and information have been received.

Dated: New York, New York
January 29, 2014

/s/
JEREMY SCHNEIDER, ESQ.
LUCAS ANDERSON, ESQ.
Rothman, Schneider,
    Soloway & Stern, LLP
100 Lafayette Street, Ste. 501
New York, New York 10013
(212) 571-5500

/s/
JOSHUA L. DRATEL, ESQ.
LINDSAY A. LEWIS, ESQ.
Law Offices of Joshua L. Dratel, PC
29 Broadway, Suite 1412
New York, New York 10006
(212) 732-0707

6

TO:    CLERK OF THE COURT
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

HON. KATHERINE B. FORREST
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

JOHN P. CRONAN, ESQ.
EDWARD Y. KIM, ESQ.
IAN MCGINLEY, ESQ.
Assistant United States Attorneys
One St. Andrews Plaza
New York, New York 10007