USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: MAR 1 2 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNITED STATES OF AMERICA

-v-

MOSTAFA KAMEL MOSTAFA
   a/k/a "Abu Hamza al-Masri,"

                    Defendant.

------------------------------------------------------------X

04 Cr. 356 (KBF)

OPINION & ORDER

KATHERINE B. FORREST, District Judge:

Mostafa Kamel Mostafa, also known as Abu Hamza al-Masri, has been indicted and is shortly to be tried for various alleged crimes, including hostage taking, conspiracy to provide and conceal material support and resources to terrorists and terrorist organizations, and providing and concealing such support. (ECF No. 1.) His trial is scheduled to commence on April 14, 2014.

In 2005 and 2006, Mostafa was tried before a jury on criminal charges of incitement in the United Kingdom, his country of residence and the location of the mosque at which he preached. That jury was not anonymous. The U.K. trial proceeded without incident; there was no harassment of jurors and no security incidents with respect to witnesses. Mostafa was convicted in those proceedings.

Before the Court is the Government's motion for an anonymous jury and for other protective measures, including daytime sequestration and transport to and from an undisclosed location at the beginning and end of each trial day. (ECF No. 235.)

The empanelment of an anonymous jury is a drastic measure, and is one that should be taken only in limited circumstances. See United States v. Vario, 943 F.2d 236, 239 (2d Cir. 1991); United States v. Thomas, 757 F.2d 1359, 1365 (2d Cir.), cert. denied, 474 U.S. 819 (1985). The nature of the charges against a defendant does not, ipso facto, require such empanelment. Indeed, to so find would run counter to the cloak of innocence that surrounds any defendant on trial in this country. In the case before this Court, the Government has presented no specific facts suggesting that such drastic measures are warranted; it has failed to establish that there is a strong reason to believe that the jury needs protection or that the defendant or this case presents a threat to the judicial process. Under such circumstances, the law in this Circuit does not support the empanelment of an anonymous jury.

I. ANONYMOUS JURIES

The principle that a shield of innocence surrounds a defendant extends back to ancient times. See Coffin v. United States, 156 U.S. 432, 453–54 (1895). Any practice that may impact that shield of innocence requires close scrutiny in light of reason, principle and common sense. See Estelle v. Williams, 425 U.S. 501, 504 (1976); Thomas, 757 F.2d at 1363 (2d Cir. 1985). The empanelling of an anonymous jury is such a practice. Id. This Circuit has realized that allowing an anonymous jury carries with it "the possibility of unfair prejudice to the defendant and the danger of encroaching on the presumption of innocence." United States v. Tutino, 883 F.2d 1125, 1132 (2d Cir. 1989).

In appropriate circumstances, however, the Second Circuit has held that empanelment of an anonymous jury is not unconstitutional. See id. at 1132–33; United States v. Persico, 832 F.2d 705, 717–18 (2d Cir. 1987), cert. denied, 486 U.S. 1022 (1988). The Second Circuit has set forth three factors that a district court should examine: (1) whether the charges against the defendant are serious, (2) whether there is a substantial potential threat of corruption to the judicial process, and (3) whether considerable media coverage of the trial is anticipated. See United States v. Tomero, 486 F. Supp. 2d 320, 322 (S.D.N.Y. 2007); see also United States v. Aulicino, 44 F.3d 1102, 1116 (2d Cir. 1995); United States v. Thai, 29 F.3d 785, 801 (2d Cir. 1994); Thomas, 757 F.2d at 1365.

Among the reasons that courts have found to warrant protection are threats to the judicial process by way of jury tampering or jury safety. See Vario, 943 F.2d 236; United States v. Bellomo, 954 F. Supp. 630, 654 (S.D.N.Y. 1997). The fact that a case may receive press attention—even a great deal of press attention—is itself insufficient to justify the impact on a defendant's trial that empanelling an anonymous jury may have. See Vario, 943 F.2d at 240. Similarly, the mere incantation of words such as "terrorist," "terrorism," "al Qaeda," "Bin Laden," and "9/11" is insufficient to require an anonymous jury. See Vario, 943 F.2d at 241; Tutino, 883 F.2d at 1132–33.

The Second Circuit has found that a district court erred in empanelling an anonymous jury based on the fact that the case involved assertions that defendants were members of the Mafia rather than based on "the question of juror fears or

3

safety in the trial at hand, beyond the innuendo that this connection conjures up." Vario, 943 F.2d at 241. In Vario, the district court had failed to make findings that demonstrated that the defendant's alleged organized crime connection was directly relevant to the need for an anonymous jury. See id.

Given the potential impact on a defendant's constitutional rights, it is certainly appropriate to require a court to find a real threat to the judicial process before granting an anonymous jury. Courts granting motions for an anonymous jury have made such inquiries. For instance, in Tutino, 883 F.2d at 1133–34, the defendant had attempted to tamper with a jury in a prior trial. In Thomas, 757 F.2d at 1363–64, a defendant had bribed a juror in a prior trial and had agreed to pay a million dollars for the murder of a government witness. In Persico, 832 F.2d at 717, the court found that the Colombo family had shown a prior willingness to corrupt the criminal justice system. In United States v. Stewart, 590 F.3d 93, 124 (2d Cir. 2009), the defendants were charged with attempting to interfere with the ordered procedures of law enforcement and the judicial process. In Aulicino, 44 F.3d at 1116, the Government proffered testimony that the defendant had bribed witnesses not to testify against him and threatened to kill a witness. In Tomero, 486 F. Supp. 2d at 324, the indictment charged two counts of witness tampering by means of threats and intimidation and one count of obstruction of justice. In United States v. Scala, 405 F. Supp. 2d 450, 453 (S.D.N.Y. 2005), the defendant was alleged to have bribed a juror in an earlier trial. Finally, in United States v. Bellomo, 954 F. Supp. 630, 655 (S.D.N.Y. 1997), the defendant was alleged to have engaged in a

4

number of instances of obstruction of justice, including, <u>inter alia</u>, threatening a prospective trial witness and a grand jury witness.[1]

When an anonymous jury is genuinely called for and properly used, courts have declined to find that its use infringes on a defendant's constitutional rights. <u>See</u> <u>Vario</u>, 943 F.2d at 239.

## II. DISCUSSION

Mostafa is accused of acts involving material support of terrorist and terrorist organizations. Those charges are in and of themselves, however, an insufficient basis upon which to grant an anonymous jury. They are also an insufficient basis on which to order the "other protective measures" urged by the Government. Notably, none of the charges against this defendant involves obstruction of justice or otherwise impeding the judicial process. This case presents a fact pattern that has only two of the elements the Second Circuit requires: serious charges and significant media attention. Those elements do not, however, distinguish this case from any number of cases tried in this district each year.

The Government has failed to present any evidence or to make any proffer that this defendant or this case presents a situation in which a jury faces real or threatened violence; they have presented no basis to suggest that there is any threat to juror safety, let alone a "serious threat."

Mostafa argues that empanelment of an anonymous jury "would poison the atmosphere of the case and serve to bolster the government's case by creating the

---

[1] A court empanelling an anonymous jury must provide a neutral explanation for its reason for doing so. <u>See</u> <u>Thai</u>, 29 F.3d at 801.

5

impression that the defendant is dangerous and guilty, and that the jurors themselves are likely targets." (Mem. of L. in Opp. 8, ECF No. 247.) In light of the particular facts here, including that the defendant has stood trial without an anonymous jury and without incident previously and that the Government has presented no new facts, this Court agrees.

Under our Constitution, every defendant is entitled to a fair trial. The presumption of innocence is the keystone of the process which he is due. Unless and until there is some basis to believe that "business as usual" is no longer appropriate, this Court will not vary from general practices. Indeed, the Court is almost more concerned with the "other protective measures" that the Government requests than with the anonymous jury; those measures serve to remind the jury each day as they arrive and as they leave that this trial requires special handling. Whether the Court provides the jury with a "neutral" explanation may not eliminate that ongoing and repeated reminder. As there is no basis for suggesting that special arrangements are necessary, the motion in that regard is denied.

III. CONCLUSION

For the reasons set forth above, the Government's motion is DENIED.

The Clerk of the Court is directed to terminate the motion at ECF No. 235.

SO ORDERED.

Dated:     New York, New York
             March 12, 2014

                                                  KATHERINE B. FORREST
                                                  United States District Judge