LAW OFFICES OF

**JOSHUA L. DRATEL, P.C.**

A PROFESSIONAL CORPORATION

29 BROADWAY
Suite 1412
NEW YORK, NEW YORK  10006
---
TELEPHONE (212) 732-0707
FACSIMILE (212) 571-3792
E-MAIL: JDratel@JoshuaDratel.com

JOSHUA L. DRATEL            STEVEN WRIGHT
—                                         *Office Manager*
LINDSAY A. LEWIS
WHITNEY G. SCHLIMBACH

April 10, 2014

**BY ELECTRONIC MAIL**

The Honorable Katherine B. Forrest
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

        Re:    *United States v. Abu Hamza al-Masri (Mostafa Kamel Mostafa)*
                  04 Cr. 356 (KBF)

Dear Judge Forrest:

      This letter is submitted on behalf of Mostafa Kamel Mostafa, whom I, along with Jeremy Schneider, Esq., represent by CJA appointment, in response to the government's April 9, 2014, letter setting forth "some of the legal principles that govern the admissibility of certain statements made by the defendant about committing terrorist acts, supporting al Qaeda and advocating training for violent jihad." *See* Government Letter, at 1.  While the government presents this case law in defense of its position that the Court should admit statements by Mr. Mostafa in which he does *not* discuss the offenses with which he has been charged, the cases cited by the government are unavailing, and in fact, undermine its position.

      As set forth in detail herein:  (1)  most of the statements at issue in the cases cited by the government are related to the charged offenses in those cases, notwithstanding the broad language in the opinions;  (2)  the main case the government cites in support of its position, *United States v. Rahman*, 189 F.3d (2d. Cir. 1999), is inapposite because the defendant in that case was charged with seditious conspiracy in which the language itself *is* the offense;  (3)  many of the cases cited by the government are distinguishable because they do not involve the kinds of generalized political statements that the government seeks to cite in this case; (4) a number of the cases involve statements made within or just prior to the time frame of the charged offenses, rather than outside of or well-after the time frame of the charged conspiracies as in Mr. Mostafa's case; and/or (5) the defendants in the cases the government cites do not suffer the

| | |
|---|---|
| LAW OFFICES OF<br>**JOSHUA L. DRATEL, P.C.** | Hon. Katherine B. Forrest<br>United States District Judge<br>Southern District of New York<br>April 10, 2014<br>Page 2 of 4 |

same prejudice as Mr. Mostafa because the admission of their statements is not also objectionable on the grounds that they are inflammatory and unduly prejudicial under Rule 403, Fed.R.Evid. (as are the statements the government seeks to admit in Mr. Mostafa's case).[1]

For instance, in *United States v. Abu-Jihaad*, 630 F.3d 102 (2d. Cir 2010), the recordings admitted at trial which contained the defendant's statements were distinguishable from the recordings the government seeks to admit in this case because they were specifically related to the charged crime: "the communicat[ion] [of] national defense information, specifically, the anticipated movements of a United States Navy battleship being deployed to the Persian Gulf, to unauthorized persons in violation of 18 U.S.C. §793(d)." *Id*., at 108.

Indeed, in upholding the district court's decision to admit those statements at trial, the Second Circuit in *Abu-Jihaad* explained that while the conversations at issue made no explicit "mention of the charged disclosure of the Battlegroup Document [the leaked information]," the recordings did "demonstrat[e] Abu-Jihaad's keen concern with secrecy" which was "*relevant . . . specifically* in explaining why there was no evidence on Azzam websites [the website Abu-Jihaad leaked the information to] about transmittal of the Battlegroup Document or the information contained therein" and, even more significantly, "the statement permitted an inference that, four years earlier, Abu-Jihaad had been engaged in 'making meals,' *i.e.,* providing military intelligence, *an admission highly probative of his commission of the charged crime*." *Id*., at 132 (emphasis added). The same cannot be said in Mr. Mostafa's case which involves only generalized statements of political opinion, rather than statements reflecting a particularized knowledge about a specific issue. It should also be noted that the statements in *Abu-Jihaad* do not have the same inflammatory quality as those statements in Mr. Mostafa's case in which Rule 403, Fed.R.Evid., is a critical concern, especially in light of the other deficiencies in the evidence.

Moreover, given the characterization of Mr. Abu-Jihaad's post-offense statements as an "admission highly probative of his commission of the charged crime," the passage of time between the offense conduct and when the statements were made in that case lacks the significance that passage of time has in Mr. Mostafa's case in which the statements at issue, which in many instances were made years after the alleged offense conduct took place, have no direct bearing on Mr. Mostafa's commission of the offense conduct and cannot explain any facts surrounding the circumstances of that conduct. Clearly, an admission made at *any* point in time,

---

[1] Not included in these characterizations is *Wisconsin v. Mitchell*, 508 U.S. 476 (1993), which is distinguishable, and should not be considered whatsoever by the Court, on the grounds that the issue in that case was whether the defendant's hate speech was admissible *at sentencing* to determine whether a sentencing enhancement was warranted.

LAW OFFICES OF
**JOSHUA L. DRATEL, P.C.**

Hon. Katherine B. Forrest
United States District Judge
Southern District of New York
April 10, 2014
Page 3 of 4

which bears directly on whether a defendant committed a crime, cannot be compared to Mr. Mostafa's mere statements of opinion which even further lack probative value because of their sweeping, generalized nature and the ability of opinions (as opposed to statements of knowledge about a specific issue) to evolve and change over time.[2]

The distinction between statements of opinion and those of particularized knowledge also holds true in the context of the drug cases from the Sixth and Seventh Circuits that the government cites – *United States v. Foster*, 939 F.2d 445, 455 (7th Cir. 1991) and *United States v. Stuckey*, 253 Fed.Appx. 468, 482-83 (6th Cir. 2007). In *Foster*, the defendants statements, in the form of a song verse, were not fluid statements of opinion (which as discussed **ante** can change and evolve over time) but instead reflected specialized knowledge about "drug code words and to a certain extent, narcotics trafficking, a familiarity that made it more probable that he knew that he was carrying illegal drugs." *Foster*, 939 F.2d at 455. In *Stuckey*, 253 Fed.Appx., at 482-83, the defendant's statements, in the form of rap lyrics mirrored the facts of the crime for which he was charged and thus provided "direct evidence" that he had committed that crime.

The attenuated nature of Mr. Mostafa's statements of opinion in the context of his case are also highlighted by *United States v. Rahman*, 189 F.3d at 104, in which, as set forth **ante**, the defendant was charged with a "seditious conspiracy to wage a war of urban terrorism against the United States" and, as such, the defendant's statements in that case in support of jihad were, *themselves*, an essential element of the offense. In that context, statements of opinion are

---

[2] The issue of time frame is also applicable to *United States v. Hashmi*, Not Reported in F.Supp.2d, 2009 WL 4857608 (S.D.N.Y. 2009) (LAP), another cases the government raises. While Mr. Hashmi's statements of political and religious speech were, as the government notes, admitted in that case in regard to a charge of material support for terrorism, the statements at issue were made in 2002, *prior* to the offense conduct in that case which took place just two years later, and spanned from January 2004 to May 2006.

Even more significantly, in *United States v. Hassan*, 742 F.3d 104, 127 (4th Cir. 2014), the defendants admitted statements "about the necessity of waging violent jihad and their shared goal of reaching the jihadist battlefield" took place *during* the time frame of the alleged conspiracies, were specifically related to the conduct of the defendants which directly followed, and "allowed the jury to attach nefarious intent to what otherwise might have been considered innocent acts" by looking to the defendants' statements and state of mind *at the time of the offense*. The same cannot be said in Mr. Mostafa's case in which his statements of opinion were made over the span of many years, and were outside of and often well beyond the time frame of the alleged conspiracies.

| | |
|---|---|
| LAW OFFICES OF<br>**JOSHUA L. DRATEL, P.C.** | Hon. Katherine B. Forrest<br>United States District Judge<br>Southern District of New York<br>April 10, 2014<br>Page 4 of 4 |

elevated to a position of central importance to the government's proof, and cannot reasonably be compared to a charge of material support for terrorism (which was not amongst the crimes with which Mr. Rahman was charged).

      Thus, the government's arguments only serve to emphasize its improper attempts to establish an essential element of the charges against Mr. Mostafa through his generalized political statements, which in essence are mere "propensity evidence in sheep's clothing," and must be excluded under either Rule 401 or 404(b), Fed.R.Evid.  *See United States v. McCallum*, 584 F.3d 471, 477 (2d Cir. 2009) ("[o]ur review of the record thus leads us to conclude that the District Court received the convictions as propensity evidence in sheep's clothing and did so with insufficient regard for the unfair prejudice that surely would result from their admission").

      To permit the government to introduce Mr. Mostafa's statements would therefore induce the jury to convict Mr. Mostafa, *not* on what he has actually done in terms of the charges against him, but because of the government's version of who *he is*.  *See Huddleston v. United States*, 485 U.S. 681, 689 (1988), *quoting* the Advisory Committee's Notes on Fed.R.Evid. 401, 28 U.S.C. App., p. 688 (stating that the government may not "parade past the jury a litany of potentially prejudicial similar acts that have been established or connected to the defendant only by unsubstantiated innuendo. Evidence is admissible under Rule 404(b) only if it is relevant[, and] '[r]elevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case'").

      Accordingly, it is respectfully submitted that statements by Mr. Mostafa in which he does not discuss the charges in this case are inadmissible under Rules 401, 403, and 404, Fed.R.Evid., and for any other reasons already established by the defense on the record, and should therefore not be admitted at trial.

      Respectfully submitted,

      Joshua L. Dratel

JLD/lal

cc:    Edward Kim
       John Cronan
       P. Ian McGinley
       Assistant United States Attorneys