LAW OFFICES OF

# JOSHUA L. DRATEL, P.C.

A PROFESSIONAL CORPORATION

29 BROADWAY
Suite 1412
NEW YORK, NEW YORK 10006
---
TELEPHONE (212) 732-0707
FACSIMILE (212) 571-3792
E-MAIL: JDratel@JoshuaDratel.com

JOSHUA L. DRATEL                                                    STEVEN WRIGHT
—                                                                          *Office Manager*
LINDSAY A. LEWIS
WHITNEY G. SCHLIMBACH

April 20, 2014

**BY ELECTRONIC MAIL & ECF**

The Honorable Katherine B. Forrest
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Abu Hamza al-Masri (Mostafa Kamel Mostafa)*
                  04 Cr. 356 (KBF)

Dear Judge Forrest:

      This Reply letter is submitted on behalf of Mostafa Kamel Mostafa, whom I, along with Jeremy Schneider, Esq., represent by CJA appointment, in support of his motion, pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), as well as Rules 702, 401, 402, and 403 of the Federal Rules of Evidence, to limit the testimony of proposed prosecution expert Evan Kohlmann.

      Much of the government's response in opposition was anticipated and addressed in Mr. Mostafa's initial Memo of Law, and/or does not require rejoinder.  In addition, in its Memo of Law, at 2, n. 2, the government has stated it will not call either Mr. Hickey or Ms. Montgomeray as witnesses, thereby mooting that portion of Mr. Mostafa's motion.

      As a result, this reply letter will address only two particular deficiencies in the information and sources Mr. Kohlmann is relying on for the purposes of formulating his opinion on the Islamic Army of Aden-Abyan.

LAW OFFICES OF

**JOSHUA L. DRATEL, P.C.**

Hon. Katherine B. Forrest
United States District Judge
Southern District of New York
April 20, 2014
Page 2 of 4

**A.**   ***Yemen's Reputation With Respect to Torture of Prisoners Renders
Inherently Unreliable the Information Mr. Kohlmann Principally
Relies on To Formulate His Opinion on the Islamic Army of Aden-Abyan***

First, Yemen's sordid history and reputation with respect to torture and maltreatment of prisoners – designed to obtain confessions – renders the information from Yemeni detainee, Abu al-Hasan al-Midhar, upon which Mr. Kohlmann relies heavily in his expert report, inherently unreliable.

For example, as recently as 2012, the U.S. Department of State issued an extensive Country Report detailing the brutal conditions detainees and prisoners face at the hands of Yemeni authorities and security forces, including "beatings, electric shock, threats of death or rape, extended periods of time in solitary confinement, and exposure to extreme temperatures," whippings, threats of harm to the prisoner or detainee's family members, compounded by overcrowded and unsanitary prisons.  U.S. Department of State, Bureau of Democracy, Human Rights and Labor, *Country Reports on Human Rights Practices for 2012: Yemen, available at http://www.state.gov/j/drl/rls/hrrpt/humanrightsreport/index.htm?year=2012&dlid =204392*.

In addition to the Department of State Country Report cited above, a 2010 Amnesty International report on the state of human rights in Yemen not only referenced the numerous reports of torture and abuse of detainees and prisoners, but also specifically found that the "purpose appeared to be . . . to extract 'confessions' from detainees that could be used against them in court." Amnesty International, *Yemen - Amnesty International Report 2010: Human Rights in Republic of Yemen, available at http://www.amnesty.org/en/region/yemen/report-2010; see also* Amnesty International, *Yemen - Amnesty Internation Report 2009: Human Rights in Republic of Yemen, available at http://www.amnesty.org/en/region/yemen/report-2009* ("confessions allegedly obtained under torture or other duress were accepted as evidence by the courts without being investigated adequately").

Moreover, a report issued by the Yemeni Civil Society Organizations found that detainees are often interrogated by Yemeni officials at night and outside the presence of an attorney. Yemeni Civil Society Organizations on Yemen's Compliance with the Convention against All Forms of Torture and Other Forms of Inhuman and Degrading Treatment ("CAT"), *The Status of Torture in Yemen*: *Second Parallel Report, available at http://www2. ohchr.org/english/bodies/cat/docs/ngos/SAF_Yemen43.pdf* (October 12, 2009).

Indeed, while the connection between coercion and unreliability is most often analyzed when the government uses a defendant's coerced statement against him, the link between coerced

LAW OFFICES OF
**JOSHUA L. DRATEL, P.C.**

Hon. Katherine B. Forrest
United States District Judge
Southern District of New York
April 20, 2014
Page 3 of 4

statements and unreliability generally is undeniable.  *See Brown v. Mississippi*, 297 U.S. 278 (1936);  *Chambers v. Florida*, 309 U.S. 227 (1940);  *White v. Texas*, 310 U.S. 530 (1940).  *See also United States v. Ghailani*, 743 F. Supp.2d 261 (S.D.N.Y. 2010).

Accordingly, Mr Kohlmann's opinion on the Islamic Army of Aden-Abyan is unreliable because his key source – Mr. Abu al-Hasan – was likely subjected to physical and/or psychological abuse, including torture.  That dispositively proscribes consideration of information derived from that source because it is itself unreliable.

**B.**     ***Mr. Kohlmann's "Opinion" On the Islamic Army of Aden-Abyan Is Derived Directly From Abu al-Hasan al-Midhar's Statements In His Yemeni Trial***

Second, the government's claim, in its Memo of Law, at 13, that it "is not seeking to offer into evidence the *statements* Kohlmann relied upon, but rather his expert *opinion* based on those statements and the other sources he consulted[]" (emphasis in original), is entirely semantic and fatally undermined by the fact that the Abu al-Hasan al-Midhar's testimony at his 1999 criminal trial in Yemen constitutes Mr. Kohlmann's fundamental source for those "opinions," and cannot be separated or distinguished therefrom.  Denominating them "opinions" does not solve the problem;  it merely more vividly illustrates the statements' contaminating effects.

Indeed, *any* "opinion" based even in part on that testimony, which very well may have been procured by torture (for the reasons set forth **ante**), is inadmissible as a violation of both Mr. Mostafa's Sixth Amendment right to confrontation as well as his right to Due Process.  *See* cases cited **ante**.

In addition, the jury will not need Mr. Kohlmann to provide information about the kidnapping in Yemen because the government is calling two fact witnesses – hostages from the incident – that will testify first-hand to those facts.

LAW OFFICES OF

**JOSHUA L. DRATEL, P.C.**

Hon. Katherine B. Forrest
United States District Judge
Southern District of New York
April 20, 2014
Page 4 of 4

  Accordingly, it is respectfully submitted that Mr. Kohlmann's testimony should be limited as set forth in Mr. Mostafa's initial motion.

     Respectfully submitted,

     Joshua L. Dratel

JLD/lal

cc: Edward Kim
  John Cronan
  P. Ian McGinley
  Assistant United States Attorneys