# ROTHMAN, SCHNEIDER, SOLOWAY & STERN, LLP

Attorneys at Law
100 Lafayette Street, Suite 501
New York, NY 10013

FRANKLIN A. ROTHMAN
JEREMY SCHNEIDER
ROBERT A. SOLOWAY
DAVID STERN

LUCAS ANDERSON

Tel: (212) 571-5500
Fax: (212) 571-5507

May 7, 2014

Via Email

Hon. Katherine B. Forrest
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007
ForrestNYSDChambers@nysd.uscourts.gov

USDC NY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE: MAY 08 2014

Re: United States v. Mostafa Kamel Mostafa
    04 Cr. 356 (KBF)

Dear Judge Forrest:

Joshua Dratel and I represent Mostafa Kamel Mostafa in the above-captioned matter. This letter is submitted in response to the government's letter, which was received by defense counsel this morning, and in light of Your Honor's preliminary ruling regarding evidence about Mr. Mostafa's prior dealings with U.K. intelligence officials.

I. **The Proffered Evidence is Highly Relevant and is Not Precluded by Rules 401, 402, or 403 of the Federal Rules of Evidence.**

The government contends that Mr. Mostafa's efforts to assist a western government with its anti-terrorism and law enforcement activities is not relevant in a case which charges him with various crimes relating to the promotion and perpetration of terrorism. There could hardly be evidence that is more probative as to Mr. Mostafa's state of mind and his lack of motive or intent to participate in or to encourage acts of terrorism than his affirmative efforts to assist the U.K. with its anti-terrorism and law-enforcement activities. While this evidence is, concededly, not helpful to the government's case

Hon. Katherine B. Forrest
May 7, 2014
Page Two

against Mr. Mostafa, that does not mean that it is in any way "prejudicial" within the meaning of Rule 403.

The probative value of the proffered evidence is also bolstered by the fact that it (unlike much of the government's proffered Rule 404(b) evidence) relates to events that were contemporaneous with the acts charged in the instant indictment.[1] Moreover, the government has introduced a voluminous amount of evidence under Rule 404(b) for the purported purpose of proving that Mr. Mostafa had the motive, opportunity, and/or intent to commit the charged acts. The evidence now proffered by Mr. Mostafa is directly relevant to those same specific issues, and is therefore admissible to rebut the government's evidence to the same extent that the government's character evidence has been admitted.

## II.     The Proffered Evidence is Offered for Proper Purposes Under Rule 404(a) of the Federal Rules of Evidence.

Rule 404(a)(2)(A) provides that "a defendant may offer evidence of the defendant's pertinent trait," and in light of the evidence presented by the government during its case-in-chief Mr. Mostafa's overall state of mind as to his feelings about western governments and law enforcement actions against suspected terrorists are clearly "pertinent" aspects of this case, and those same issues and will also be critical aspects of his defense.

Rule 404(a) "applies a lower threshold of relevancy," United States v. Han, 230 F.3d 560, 564 (2d Cir. 2000), in part because it is "based on notions of fairness rather than logic." United States v. Pujana-Mena, 949 F.2d 24, 30 (2d Cir. 1991). The Second Circuit's decision in United States v. Doyle, 130 F.3d 523, 541 (2d Cir. 1997), which the government relies upon

---

[1] A portion of the proffered evidence relates specifically to Mr. Mostafa's knowledge about training camps, an issue which is undeniably critical to the charges in this case. If the government actually believes that evidence about Mr. Mostafa's involvement with training camps is somehow irrelevant, then there are many other evidentiary issues which may require revisiting.

Hon. Katherine B. Forrest
May 7, 2014
Page Three

in its letter, is entirely inapposite. In Doyle, the defendant was charged with various crimes relating to the illegal exportation of technological parts, and in an attempt to prove his innocence he sought to introduce specific evidence regarding his cooperation with the U.S. Army Intelligence Agency in connection with completely unrelated matters regarding U.S. security policy in Libya. While the District Court in Doyle **did** allow the admission of testimony "as to the facts of [the defendant's] life history and employment including any relationship with U.S. intelligence agencies," it precluded specific evidence regarding that relationship that was wholly unrelated to the charged acts. Id., at 541.

The facts here are clearly distinguishable from Doyle because the proffered evidence is directly on point with the types of crimes Mr. Mostafa is charged with having committed. A key aspect of Mr. Mostafa's defense -- particularly with respect to the charges relating to the Yemen hostage situation -- is that his actions at all times were aimed towards alleviating, rather than aggravating matters, and his contemporaneous efforts to assist British intelligence officials are clearly relevant to that "pertinent trait."

This case is also highly distinguishable from United States v. Quattrone, 441 F.3d 153, 190-91 (2d Cir. 2006), where the defendant sought to admit evidence of certain emails in order to prove that he had "a practice of responding to (or forwarding on) emails from subordinates in an attempt to achieve compliance" with certain corporate directives. Unlike the Quattrone defendant, Mr. Mostafa is not seeking to prove that he has some type of propensity or habit of engaging in cooperation with law enforcement at all times. Indeed, such a defense would make little sense. Rather, the proffered evidence is only offered as proof of Mr. Mostafa's motivations, intentions, and his state of mind - did he want to help fight western governments in their battle against terrorism, or did he want to help terrorists? - which are proper bases for admission under Rule 404(a).

This is not propensity evidence. The issue of Mr. Mostafa's cooperation with the U.K. government is significant

Hon. Katherine B. Forrest
May 7, 2014
Page Four

because it addresses a critical aspect of the government's overall theory: that Mr. Mostafa had the desire and ability to support, encourage, and assist acts of terrorism. Thus, to the same extent that the government's evidence about Mr. Mostafa's motive, opportunity, intent, etc., has already been admitted against him, Rule 404(a) requires that highly relevant contradictory evidence should also be admitted.[2]

### III.  There is No Hearsay Issue With Respect to Mr. Mostafa's Prior Dealings With U.K. Intelligence Officials.

Mr. Mostafa's proffered evidence does not present a hearsay issue because it does not consist of out-of-court "statements" made by him or by anyone else. Rather, the evidence of Mr. Mostafa's cooperation with U.K. intelligence authorities relates to acts, which the Advisory Committee Notes to Rule 801(c) expressly exclude from the rule against hearsay.

Working with intelligence officials is an act, not a statement, and although there were unquestionably statements made by Mr. Mostafa and by intelligence officials during his lengthy period of assistance it is not the contents of those statements that is now being offered as evidence. Rule 801(a) defines a "statement" as "a person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion." Among the classic examples of such nonverbal assertions are the giving of a thumbs-up or the shaking one's head in response to a question. Mr. Mostafa's acts at issue here are in no way analogous to such nonverbal assertions, and the verbal aspects of his cooperation are not being admitted for their content or to prove the "truth" of any statements made during the course of his cooperation.

In addition, because Mr. Mostafa's actions at issue were largely in response to instructions given by the U.K.

---

[2] Cf. United States v. Carneglia, 256 F.R.D. 384, 390 (E.D.N.Y. 2009) ("The Federal Rules of Evidence . . . are designed to ensure that the defense as well as the government can fully present their cases, to secure fairness. Application of the rules to permit the defendant to gather and present information favorable to his defense needs to take account of due process and fairness.") (internal citations and quotations omitted).

Hon. Katherine B. Forrest
May 7, 2014
Page Five

intelligence authorities, those instructions are considered "verbal acts," which are also excluded from the rule against hearsay. See Advisory Committee Notes 1972 Fed. R. Evid. 801 (noting that the effect of Rule 801(c) is "to exclude from hearsay the entire category of 'verbal acts' and 'verbal parts of an act,' in which the statement itself affects the legal rights of the parties, or is a circumstance bearing on conduct affecting their rights."); Figueroa, 750 F.2d at 240 (noting that if witness testimony "had truly been limited to statements of instructions . . . its admission as a verbal act would not have been error; it would not have been hearsay."); United States v. Payden, 622 F. Supp. 915, 918 (S.D.N.Y. 1985) (instruction to defendant to "do the transaction" constitutes a verbal act, which is not hearsay).

Even if Mr. Mostafa's acts were somehow deemed to be "statements," they are only being offered to show that they occurred, and not for their inherent truth. "If the significance of an offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted and the statement is not hearsay." Advisory Committee Notes 1972 Fed. R. Evid. 801. See also United States v. Dupree, 706 F.3d 131, 136 (2d Cir. 2013); Adams v. City of New York, 2014 WL 309640, at * 8 (E.D.N.Y. 2014). Thus there is no hearsay issue with respect to the evidence at hand.

Therefore, the government's motion to preclude the Defendant's proffered testimony should be denied in its entirety.

Respectfully submitted,

/s/
Jeremy Schneider

JS/la

Cc: AUSA John P. Cronan
    AUSA Edward Y. Kim
    AUSA Ian McGinley

*Ordered*

The above arguments have been considered by the Court and do not alter the Court's ruling as set forth on the record (May 7, 2014).

5/8/14

K. B. Forrest
USDJ