LAW OFFICES OF
# JOSHUA L. DRATEL, P.C.
A PROFESSIONAL CORPORATION

29 BROADWAY
Suite 1412
NEW YORK, NEW YORK 10006
---
TELEPHONE (212) 732-0707
FACSIMILE (212) 571-3792
E-MAIL: JDratel@JoshuaDratel.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: MAY 08 2014

JOSHUA L. DRATEL
---
LINDSAY A. LEWIS
WHITNEY G. SCHLIMBACH

STEVEN WRIGHT
*Office Manager*

May 8, 2014

**BY ECF**

The Honorable Katherine B. Forrest
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

          Re:    *United States v. Abu Hamza al-Masri (Mostafa Kamel Mostafa)*
                  04 Cr. 356 (KBF)

Dear Judge Forrest:

       This letter is submitted on behalf of Mostafa Kamel Mostafa, whom I, along with Jeremy Schneider, Esq., represent by CJA appointment, in the above-captioned case, and sets forth the grounds for Mr. Mostafa's Rule 29(a), Fed.R.Crim.P, motion for a judgment of acquittal on all counts of the Indictment.

***Counts One and Two***

       A judgment of acquittal should be entered on Counts One and Two of the Indictment, which charge conspiracy to take hostages and hostage- taking in Yemen pursuant to 18 U.S.C. §1203 and §2, on the grounds the government did not present any evidence at trial aside from phone records to connect Mr. Mostafa to the attack in Yemen. The government's evidence of statements by the Supporters of Shariah in support of the Islamic Army of Aden-Abyan, and which warn Westerners to leave the region, i.e., GX 226 and 226-T, and the testimony of Margaret Thompson, Paul Sykes, and Mary Quin, do *not* provide the necessary link to permit any rational juror to find the elements of Counts One and Two beyond a reasonable doubt.

       Whatever inferences could be drawn from the evidence regarding Counts One and Two, even piled atop each other, fail to establish Mr. Mostafa's guilt beyond a reasonable doubt on those counts. Accordingly, the evidence as to Counts One and Two is insufficient to sustain a

LAW OFFICES OF
**JOSHUA L. DRATEL, P.C.**

Hon. Katherine B. Forrest
United States District Judge
Southern District of New York
May 8, 2014
Page 2 of 4

conviction and Mr. Mostafa's Rule 29(a) motion should be granted.

### *Counts Three Through Six*

Mr. Mostafa also moves for a judgment of acquittal pursuant to Rule 29(a) on Counts Three through Six, which allege the conspiracy to provide or the provision of material support to terrorists in violation of either 18 U.S.C. §2339A or §2339B (as well as a violation of 18 U.S.C. §956 for Counts Three and Four) in relation to the alleged Bly, Oregon jihad training camp. Even if the evidence adduced at trial regarding the Bly, Oregon training camp is accepted as true, *receiving* training is *not* providing material support (it is in fact *receiving* assistance), and the government did not provide any evidence that those alleged to have received training at the Bly camp ever put their training to use in Afghanistan, or anywhere else.

There has not been any evidence that those at the camp went to the "front lines" following their training, or fought in any capacity in a foreign country after receiving training at Bly. Thus, the government's evidence is insufficient to sustain a conviction against Mr. Mosafa on Counts Three through Six, and a judgment of acquittal must be entered.

### *Counts Seven Through Ten*

In addition, the government's evidence at trial as to Counts Seven through Ten is insufficient to sustain a conviction against Mr. Mostafa pursuant to Rule 29(a), because the government has failed to establish any jurisdictional nexus between Mr. Mostafa and the United States as to those counts, and has also failed to present any evidence that Mr. Mostafa conspired to provide or, in fact, facilitated violent jihad in Afghanistan pursuant to either 18 U.S.C. §2339A or §2339B (nor have they provided any evidence of the underlying §956 conspiracy to kill, kidnap, maim, and injure persons and to damage and destroy property in a foreign country, that is required for a conviction on Counts Seven and Eight).

Indeed, while the government survived Mr. Mostafa's pre-trial motion to dismiss Counts Seven through Ten for lack of a jurisdictional nexus between Mr. Mostafa and the U.S. on the basis of the government's proffer that evidence at trial would establish that funds had been raised for the Finsbury Park Mosque's hijrah fund in the Southern District of New York, the government has not provided evidence at trial that money raised in the U.S. was ever provided to Mr. Mostafa or the Finsbury Park Mosque's hijrah fund, either at the time that it was raised or at a later date. Indeed, James Ujaama, the only witness capable of establishing this jurisdictional link between the U.S. and Mr. Mostafa on Counts Seven through Ten, testified that he spent the less than $100 he raised in the U.S. on personal items "I bought for myself," though he could not remember what specifically he had purchased, and failed to provide confirmation that he ever reimbursed the mosque for that nominal sum. *See* Trial Testimony at 2515-2519. He did,

LAW OFFICES OF
**JOSHUA L. DRATEL, P.C.**

Hon. Katherine B. Forrest
United States District Judge
Southern District of New York
May 8, 2014
Page 3 of 4

however, state unequivocally that he never gave Abu Hamza any of the money he collected in the U.S. *Id.*, at 2518.

Moreover, with regards to Counts Seven through Ten, the evidence is insufficient to sustain the material support charges. The government failed to present evidence through any witness, and namely Mr. Ujaama and Saajid Badat, that Feroz Abbasi was ever on the "front lines," or even engaged in *jihad* training in Afghanistan or elsewhere. In fact, Mr. Abbasi was only ever seen by any government witness engaging in *non*-military activity: digging in the ground with a spade. *See* Trial Transcript, at 1770-1778.

Accordingly, the Court should enter a judgment of acquittal on Counts Seven through Ten due to either (or both) the lack of a jurisdictional nexus between the U.S. and Mr. Mostafa on these counts, which is an essential element of the crime charged, and because the government provided insufficient evidence to establish the provision or even a conspiracy to provide material support.

***Count Eleven***

Finally, the Court must enter a judgment of acquittal on Count Eleven, pursuant to Rule 29(a), because the government did not provide sufficient evidence that Mr. Mostafa conspired to provide goods and services to the Taliban in violation of 18 U.S.C. §371 and the International Emergency Economic Powers Act (hereinafter "IEEPA") (50 U.S.C. §1705(b), 31 C.F.R. §595.204 & 595.206(b)). Instead, the government's evidence established only attempts by Mr. Mostafa and Mr. Ujaama to provide non-military and non-operational assistance *to people in Afghanistan*, in particular in regard to providing money to girls schools and non-Taliban run schools, sewing machines, water, and a computer lab. The government provided no evidence that any of the money went to any organization, including the Taliban, and could not demonstrate that any of the projects that Mr. Mostafa allegedly sought to support were for the benefit of the Taliban.

In fact, the government's expert witness, Evan Kohlmann testified that "[t]he Taliban . . . restricted the rights of women and would not allow women to be outside of the household without a male escort. Thus, anyone who was believing in women's rights or women's education was . . . opposed to what the Taliban was doing." Trial Testimony, at 1398.

Likewise, Mr. Ujaama testified that Mr. Mostafa had warned him "that they "should be cautious" when attempting to set up a computer lab in Afghanistan because the Taliban could "persecute them" and "kick them out" as they had others in the past, that "there are certain dangers" and thus he "d[oesn]'t believe that Abu Hamza agreed with a computer lab." *Id.*, at 2505-2509. The government therefore provided evidence only of the fact that a computer lab in

LAW OFFICES OF
**JOSHUA L. DRATEL, P.C.**

Hon. Katherine B. Forrest
United States District Judge
Southern District of New York
May 7, 2014
Page 4 of 4

Afghanistan would *not* be tolerated by the Taliban, let alone sponsored by it.  Therefore, the evidence is insufficientto sustain a conviction as to Count Eleven.

Accordingly, it is respectfully submitted the Court grant Mr. Mostafa's Rule 29(a), Fed.R.Crim.P.. motion for a judgment of acquittal on all counts in the Indictment.

Respectfully submitted,

Joshua L. Dratel

JLD/lal

cc:   Edward Kim
      John Cronan
      P. Ian McGinley
      Assistant United States Attorneys

**Ordered**

The Court has considered the above arguments and the motion is denied as to all counts. There is sufficient evidence to merit consideration by the jury of each of the 11 counts.

K. B. Forrest
USDJ

5/8/14