**LAW OFFICE OF SAM A. SCHMIDT**
THE TRINITY BUILDING
111 BROADWAY
NEW YORK, N.Y. 10006
(212) 346-4666
FACSIMILE (212) 346-4665
E-mail lawschmidt@aol.com

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: DEC 1 5 2014
```

**Sam A. Schmidt, Esq.**
Laurie Auguste, Paralegal

December 15, 2014

The Honorable Katherine B. Forrest            **By ECF**
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

*Re: United States v. Mostafa,*
**04 Cr. 356 (KFB)**

Dear Judge Forrest:

    We represent Defendant Mostafa Kamel Mostafa in the above-referenced matter and write to respectfully request an adjournment of Mr. Mostafa's sentencing hearing, which is presently scheduled for January 9, 2015. For the reasons that follow we respectfully submit that an adjournment of 90-days is fair, just, and necessary to ensure Mr. Mostafa's effective representation at sentencing.

    As this Court is aware, Mr. Mostafa was convicted on May 19, 2014, after a jury trial before Your Honor, of multiple counts of conspiracy, hostage taking, providing material support to terrorists, and other related offenses. The trial lasted four weeks, received extensive national and international media attention, and was the culmination of the Government's decade-long prosecution of this unquestionably serious and significant case.

    Shortly thereafter, Mr. Mostafa's trial counsel were relieved and this Court appointed the undersigned as substitute counsel on June 26, 2014 (Sam A. Schmidt), and August 5, 2014 (Michael K. Bachrach), respectively. This Court also reappointed a third attorney (Lindsay A. Lewis) as counsel relating primarily to issues of the conditions of confinement and the medical needs of Mr. Mostafa, which require substantial, immediate, and regular attention, as well as to provide a bridge to help assist the transition from Mr. Mostafa's prior counsel to the undersigned.

## LAW OFFICE OF SAM A. SCHMIDT

Since the undersigned's appointment, we have attempted to digest the unique record associated with this case, which involves both classified and unclassified material as well as extensive material that defense counsel had to procure from Mr. Mostafa's prior counsel in the United Kingdom relating to his extradition proceedings before the High Court of the United Kingdom ("HCUK") and before the European Court of Human Rights ("ECHR").[1]

Although this Court has already given the undersigned, in essence, six months to prepare for sentencing, because the undersigned had no prior familiarity with this case, the undersigned were required to start essentially from scratch in order to familiarize ourselves with this case and with the circumstances of this specific defendant – substantial disabilities that set him apart from the ordinary defendant and imbue protections under the Rehabilitation Act of 1973 (hereinafter, the "Rehabilitation Act"), and the Americans with Disabilities Act of 1990 (hereinafter, the "ADA"). See, e.g., 29 U.S.C. § 794(a) ("No otherwise qualified individual with a disability in the United States, as defined in section 705[20] of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service."); 42 U.S.C. § 12132 ("Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity"); 42 U.S.C. § 12182(b)(2)(A)(ii) (explaining that, for purposes of the ADA, discrimination in public accommodations includes: "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations").

Similarly, although we have completed our review of a significant portion of the HCUK and ECHR materials, our review is not yet complete, and, in fact, we are still awaiting certain documents relating to Mr. Mostafa's prior extradition proceedings as well as his prior adjustment to confinement while detained in Her Majesty's Prisons ("HMP") in the United Kingdom, all of which will be relevant to Defendant's Sentencing Memorandum in this case. See, e.g., Skipper v. South Carolina, 106 S.Ct. 1669 (1986) (defendant's behavior while in custody relevant to sentencing).

For example, Mr. Mostafa's Pre-Sentence Report ("PSR"), which we only received last week, raises as a basis for sentencing allegations of serious misconduct during Mr. Mostafa's detention in

---

[1] The relevance of such material to Mr. Mostafa's sentencing proceedings herein will become clear when Defendant's Sentencing Memorandum is completed and filed, however should this Court have any preliminary questions regarding the relevance or extent of such material, please alert the undersigned so that we may respond ex parte and under seal. Similarly, if this Court would like a more detailed account of defense counsel's mitigation investigation to date, a lengthy explanation can be prepared and provided to the Court ex parte and under seal.

## LAW OFFICE OF SAM A. SCHMIDT

HMP (see PSR at ¶ 94). In reviewing the PSR with Mr. Mostafa, the defendant expressed confusion and appeared to be completely unaware of most of the allegations. We have since requested an explanation from the Government, which has provided us a two-page summary of the allegations but none of the underlying records or reports that support the conclusions contained therein. As a result, we now are required to retrace our steps and reach out – again – to Mr. Mostafa's prior U.K. attorneys. While a second trip to London will not be required,[2] we have only today been unable to reach the U.K. attorney who can best assist us to address the alleged misconduct (she had been on trial), and as such we will need additional time to determine whether to object, request a Fatico hearing on the issue, and/or offer evidence that might contradict or mitigate the allegations of misconduct.

Further, as noted in Mr. Mostafa's PSR, we received the Government's consent and the Court's approval for an independent evaluation of Mr. Mostafa's medical issues (see PSR at ¶ 128). To that end, Dr. Benjamin Kligler conducted an examination of Mr. Mostafa on December 4, 2014. We are still awaiting Dr. Kligler's report of his examination; something the Probation Department has also noted that it is awaiting (see id.). However, based upon a post-examination telephone conversation with Dr. Kligler, it appears that an additional examination by an independent occupational therapist is warranted.[3]

Finally, we note that Lindsay Lewis, the attorney appointed specifically to focus on the conditions of confinement and the medical needs of Mr. Mostafa, is presently preparing to begin a four-to-six week trial before Your Honor. See United States v. Ulbricht, 14 Cr. 068 (KFB). Said trial is scheduled to commence on January 5, 2015, and, as Your Honor is aware, has already included extensive pretrial litigation and will require Ms. Lewis's primary attention for the remainder of this month and for the approximately four-to-six weeks that follow while she is on trial.

Accordingly, for all of the reasons addressed above, Defendant Mostafa Kamel Mostafa, by and through counsel, respectfully request a 90-day adjournment of Mr. Mostafa's sentencing hearing, an adjournment we believe appropriate for this very serious, complex, and unique case.

---

[2] Due to the inability of Mr. Mostafa's family to travel to the United States, and the understandable unwillingness of several members of his family to discuss his case over the telephone, defense counsel traveled to London last month to interview witnesses related to Mr. Mostafa's sentencing proceedings.

[3] We have been trying to find an independent occupational therapist willing to conduct an evaluation of Mr. Mostafa at the MCC for some time, but thus far without success. We are now doubling our efforts in light of Dr. Kligler's input.

## LAW OFFICE OF SAM A. SCHMIDT

We note that we have communicated with the Government and have been informed that the Government consents to an adjournment of Mr. Mostafa's sentencing hearing and takes no position on our request that the adjournment be for a period of 90 days.

Respectfully submitted,

/s/

Sam A. Schmidt
Michael K. Bachrach
Lindsay A. Lewis

SS/mb

**Ordered**

Application denied. There has been plenty of time to now to prepare for the sentencing -- and a fair amount of time prior to Jan. 9 remains. While this case is complex in certain ways, in other ways it is really not. The Defendant's handicaps are well known and will be dealt with appropriately based on all information known to the Court on 1/9 (or before), or made later known to the B.O.P.

KB Forrest
USDJ  12/15/14