LAW OFFICE OF
# MICHAEL K. BACHRACH
224 WEST 30TH STREET, SUITE 302
NEW YORK, N.Y. 10001
--------------
TEL. (212) 929-0592 • FAX. (866) 328-1630

MICHAEL K. BACHRACH *              http://www.mbachlaw.com
\* admitted in N.Y., MN and D.C.              michael@mbachlaw.com

September 8, 2023

**By ECF**

The Hon. Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> *Re: United States v. Mustafa Kamel Mustafa,*
> *04 Cr. 356 (AT)*

Dear Judge Torres:

      The defense writes to provide this Court with an update on the status of this case, and to propose the parties' plan on how to proceed going forward.

      As discussed in this Court's Order, dated, August 23, 2023 (Doc. No. 608), the Defendant filed a *pro se* motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 571). The motion was essentially a placeholder filing that then permitted the defendant to request an abeyance of the proceedings until his Rule 33 appeal became final. The initial *pro se* motion listed the general grounds being raised (*e.g.*, ineffective assistance of trial counsel, ineffective assistance of appellate counsel, and new evidence), with the intention of filing a more detailed memorandum of law once the proceedings were returned from abeyance. This Court has been holding Mr. Mustafa's 2255 in abeyance pending the outcome of his petition for certiorari related to his Rule 33 appeal, which was denied earlier this year. The parties apologize for not informing Your Honor sooner.

      For the reasons that follow, and without objection from the Government, the defense requests that the Court allow the undersigned to complete and file a motion for compassionate release (now referred to as a motion for reduction in sentence) *prior to* further briefing on Mr. Mustafa's 2255, and for some slight reshuffling of each defense counsel's responsibilities to which the Government takes no position.

      By way of necessary background, at trial Mr. Mustafa was represented principally by Jeremy Schneider, Esq., and Joshua L. Dratel, Esq. Post-trial Mr. Schneider and Mr. Dratel were both relieved from their representation, and the undersigned, along with Sam A. Schmidt, Esq., were appointed by the Honorable Katherine B. Forrest for the purpose

of representing Mr. Mustafa during post-trial motions, sentencing, on appeal, and for any post-appeal collateral challenges to his conviction.

In 2020, during the drafting of Mr. Mustafa's Rule 33 appeal, Mr. Mustafa moved *pro se* for the appointment of Sabrina P. Shroff, Esq., to provide him with, in essence, a second opinion on which claims should be raised in Mr. Mustafa's Rule 33 appeal. There being no objection, Ms. Shroff was appointed for that limited purpose. *See* Order, dated, September 8, 2020 (Doc. No. 567) (appointing Ms. Shroff "for purposes of reviewing his *pro se* filings, including ECF No. 565, and providing [Mr. Mustafa] with guidance regarding the merits of his legal claims."). Thereafter, upon the request of the undersigned, Ms. Shroff's limited role was expanded to permit her to assist Mr. Schmidt and myself with a motion for compassionate release (now referred to as a motion for reduction in sentence), a uniquely complicated motion in this instance which Mr. Schmidt and I have been working on. *See* Order, dated, February 26, 2021 (Doc. No. 576).[1]

However, as time has gone on it has become apparent to the defense that a slight reshuffling of responsibilities would best serve Mr. Mustafa's interests. Mr. Mustafa wishes Mr. Schmidt and I to continue to work on, and once done, file and litigate, his motion for reduction in sentence. At the same time, because one of the claims that Mr. Mustafa wishes to pursue in his 2255 remains a claim of ineffective assistance of appellate counsel, Mr. Schmidt and I possess a potential conflict in representing him in relation to those claims and have asked Ms. Shroff if she would be willing to assume the role of Mr. Mustafa's 2255 advocate – a role she has graciously agreed to assume, provided that is acceptable to Your Honor. We ask that all defense counsel be permitted to consult with each other in relation to their specific tasks, but the primary responsibility for Mr. Mustafa's motion for a reduction in sentence will remain with Mr. Schmidt and myself whereas the primary responsibility for Mr. Mustafa's 2255 will now fall to Ms. Shroff.[2]

Assuming that reshuffling is acceptable to this Court, Mr. Schmidt and I would then make our best efforts to file Mr. Mustafa's motion for reduction in sentence by **October 31, 2023**,[3] at which point the parties would then propose a schedule for the Government's response and defense reply. Further briefing on Mr. Mustafa's 2255, if still necessary by that point, we propose to resume after Mr. Mustafa's motion for

---

[1]  In Mr. Mustafa's motion for reduction in sentence we anticipate raising, among other things, the draconian conditions of confinement that Mr. Mustafa has been subjected to during his incarceration at ADX Florence, which have led to multiple bouts of COVID-19, substantially failing health, and 24/7 solitary confinement for the past eight years, all in contravention of the representations made by the United States to obtain his extradition from the United Kingdom.

[2]  I have spoken to Mr. Mustafa regarding this proposed delegation of counsels' responsibilities, and he has no objection to it.

[3]  In the event more time is needed, such as due to delays associated with corresponding with Mr. Mustafa at ADX, we would write Your Honor to request additional time prior to our proposed deadline.

The Hon. Analisa Torres
September 8, 2023
Page 3 of 3

reduction in sentence has been ruled upon by Your Honor. We respectfully submit that litigating the issues in this order would best serve the interests of the defendant while also preserving judicial resources. We also submit that proceeding in this manner would be the most efficient use of time for all counsel and parties concerned.

I have spoken to Assistant United States Attorney Alexander Li and he has informed me that the Government has no objection to the proposed scheduling application and takes no position on the allocation of defense counsels' responsibilities.

Thank you for your time and consideration.

Respectfully submitted,

Michael K. Bachrach
*Attorney for Mustafa Kamel Mustafa*

cc:   All parties of record (by ECF)